PEARSON, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. PERSON, | ) | |
|     Plaintiff, | ) | CASE NO. 4:18CV2154 |
| v. | ) | JUDGE BENITA Y. PEARSON |
| DOCTOR NEWLAND, *et al.*, | ) | |
|     Defendants. | ) | **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff Michael T. Person, a state prisoner incarcerated in the Northeast Ohio Correctional Center, filed suit under 42 U.S.C. § 1983[1] against Director of the Ohio Department of Rehabilitation and Correction Gary Mohr, former state Attorney General Mike DeWine, former Governor John Kasich, Doctor Newland, Doctor Airaldi, Doctor "D.," Doctor Rhegetty, Chief Inspector Roger Wilson, and Inspector Mona Parks. ECF No. 1. For the reasons that follow, the Court dismisses Plaintiff's claims against all Defendants except for Defendants Airaldi and Newland.

## I. Background

Plaintiff alleges that in 2016, he complained to Doctors Airaldi and Newland of internal bleeding and injury to his stomach and intestines. ECF No. 1 at PageID #: 3. Plaintiff claims Doctors Airaldi and Newland "both refused him treatment." *Id.* Plaintiff asserts that, as a result

---

[1] Plaintiff also purports to sue under "42 U.S.C. § 1997(e)." Section 1997 does not include a subpart (e).

(4:18CV2154)

of denial of proper medical care, his intestines became infected. *Id.* at PageID #: 4. A third doctor diagnosed his condition as irreversible. *Id.* Plaintiff was transported to the hospital and underwent surgery to remove his intestines. *Id.* He was told that he would be required to wear an intestine bag for the rest of his life. *Id.*

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

2

(4:18CV2154)

Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. Law and Analysis

Failure to provide adequate medical treatment to a prisoner is a violation of the prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment when it results from "deliberate indifference" to the prisoner's serious medical needs. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). A violation of this right may be redressed through an action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A constitutional claim for denial of medical care has objective and subjective components. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component requires a plaintiff to show a sufficiently serious medical need. *Phillips v. Roane*

3

(4:18CV2154)

*County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008). The subjective component requires the plaintiff to allege facts which, if true, would show (1) that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, (2) that he did, in fact, draw the inference, and (3) that he then disregarded that risk. *Id.* at 540.

Plaintiff's allegations state a facially valid constitutional claim for denial of medical care against Defendants Airaldi and Newland. Plaintiff alleges he suffered from intestinal bleeding and had sustained injuries to his stomach and intestines. ECF No. 1 at PageID #: 3. This is sufficient to state a serious medical need. Plaintiff claims he then reported his injuries to Doctors Airaldi and Newland, who purportedly refused him treatment. *Id.* If these allegations are true, Doctors Airaldi and Newland were on notice that Plaintiff was suffering from a serious medical condition. Disregarding Plaintiff's medical condition would result in a substantial risk of further injury to Plaintiff, and nevertheless chose not to treat him. Plaintiff claimed that, as a result, he suffered intestinal infection, underwent surgery, and now must use an "intestine bag" for the duration of his life. These claims, if true, can plausibly support a claim under 42 U.S.C. § 1983.

Plaintiff, however, fails to set forth allegations sufficient to support plausible claims for relief under 42 U.S.C. § 1983 against the remaining Defendants. In order to state a facially valid constitutional claim, a plaintiff must allege that the individual defendant was personally involved in the alleged deprivation of the plaintiff's constitutional rights. *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)); *Kesterson v. Fed. Bureau of Prisons*, 60 F. App'x 591, 592 (6th Cir. 2003); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir.

4

(4:18CV2154)

2004) (dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights. Plaintiff fails to meet this threshold. Rather, Plaintiff recites that each Defendant "knowingly with [deliberate] indifference to his serious medical needs refuse[d] to [medically] treat him . . . with proper care," and that "all Defendants knew he faced a substantial risk of serious harm yet they disregarded those risk[s] and refused to take . . . reasonable measures to abate it." ECF No. 1 at PageID #: 4. Bare legal conclusions, such as these, are insufficient to plausibly state a claim upon which relief can be granted. *See Papasan*, 478 U.S. at 286.

Finally, to the extent Plaintiff contends Defendants Wilson and Parks denied his complaints or administrative grievances or Defendants Mohr, Kasich and DeWine are liable to him on the basis of their supervisory positions, these claims cannot survive. Section 1983 liability may not be imposed on supervisory officials solely on the basis of *respondeat superior*, or because they failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Because Plaintiff only sets forth factual allegations sufficient to state a cause of action against Airaldi and Newland, Plaintiff's claims against the remaining Defendants must be dismissed.

### IV. Conclusion

Accordingly, Plaintiff may proceed in this case against Defendants Airaldi and Newland. His claims against Defendants Mohr, DeWine, Kasich, Doctor "D," Doctor Rhegetty, Wilson,

(4:18CV2154)

and Parks are dismissed.  28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendants Airaldi and Newland.  A copy of the Order shall be included with the documents to be served.

      IT IS SO ORDERED.


| | |
|---|---|
| May 2, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |