PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. PERSON, | ) | CASE NO. 4:18CV2154 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DOCTOR NEWLAND, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 13, 16-2] |

Pending before the Court are Defendant Dr. Airaldi's Motion to Dismiss (ECF No. 13) and Defendant Dr. Newland's Motion to Dismiss (ECF No. 16-2). Plaintiff responded (ECF No. 15) and only Defendant Dr. Airaldi replied (ECF No. 17). For the reasons that follow, the Court dismisses Plaintiff's claims against remaining Defendants Doctor Airaldi and Doctor Newland.

## I. Background

Pro se Plaintiff Michael T. Person, a state prisoner incarcerated in the Northeast Ohio Correctional Center, filed suit under 42 U.S.C. § 1983 against Director of the Ohio Department of Rehabilitation and Correction Gary Mohr, former state Attorney General Mike DeWine, former Governor John Kasich, Doctor Newland, Doctor Airaldi, Doctor "D.," Doctor Rhegetty, Chief Inspector Roger Wilson, and Inspector Mona Parks. ECF No. 1. The Court, under 28 U.S.C. § 1915(e), dismissed Plaintiff's claims against all Defendants except for Defendants Doctor Airaldi and Doctor Newland. ECF No. 8. Defendants Airaldi and Newland subsequently moved to dismiss Plaintiff's complaint for failure to state a claim.

(4:18CV2154)

Plaintiff alleges that, on June 9, 2016, he complained to Doctors Airaldi and Newland of internal bleeding and injury to his stomach and intestines. ECF No. 1 at PageID #: 3. Plaintiff claims that "both refused him treatment" and that as a result of denial of proper medical care, his intestines became infected. *Id.* at PageID #: 3-4. A third doctor diagnosed his condition as irreversible. Id at PageID #: 4. Plaintiff was transported to the hospital and underwent surgery to remove his intestines. *Id.* Plaintiff was told that he would be required to wear an intestine bag for the rest of his life. *Id.*

## II. Law & Analysis

On a motion to dismiss under Rule 12(b)(6), the Court considers the allegations within the four corners of Plaintiff's complaint; it does not consider evidence in the record. The Court's review is no broader or narrower on a Rule 12(b)(6) motion to dismiss than it is on initial screening pursuant to 28 U.S.C. § 1915(e)(2). Nevertheless, the Court benefits from the parties' briefing, and it may therefore reach a different conclusion on motion than on initial screening.

"The appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). The "limitations period starts to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Kuhnle Bros., Inc. v. Cty. Of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Plaintiff alleges that he complained to Defendants Airaldi and Newland of internal

(4:18CV2154)

bleeding and injury to his stomach and intestines on June 9, 2016, but that Defendants refused him treatment.  ECF No. 1 at PageID #: 3.  Plaintiff, however, did not file his complaint until September 18, 2018, over three months after the statute of limitations on his claim had run. Plaintiff alleges no other facts sufficient to state a cause of action against Defendants Airaldi or Newland.

### III. Conclusion

For the reasons stated herein, Defendants' motions to dismiss for failure to state a claim (ECF Nos. 13, 16-2) are granted.  A separate dismissal Order shall issue.

IT IS SO ORDERED.

  October 24, 2019         */s/ Benita Y. Pearson*
Date        Benita Y. Pearson
       United States District Judge